**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DISTRICT**

THE UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:17-cr-20328

v.

ARNOLD TERRANCE WRIGHT,

        Defendant,

_____/

## MEMORANDUM AND ORDER DEFFERING DECISION ON LIMITING THE GOVERNMENT'S CROSS-EXAMINATION

### I. BACKGROUND

This is a criminal case involving controlled substance and firearm violations. After his indictment, Defendant filed three motions to suppress on Fourth Amendment grounds (Doc. 25, 26, 27). The government responded (Doc. 28, 29, 30). A motion hearing took place on May 24, 2018. After two days of testimony, it was adjourned and has not been completed (Doc. 36).

During the adjournment, Defendant filed a motion seeking to limit the government's cross-examination of him if he testifies (Doc. 38). Defendant seeks a preliminary ruling that testimony and cross-examination regarding encounters with law enforcement should not waive his right to invoke Fifth Amendment rights against self-incrimination at trial. The government has filed a response in opposition (Doc. 39).

### II. LEGAL STANDARD

Federal Rule of Evidence 611 governs the scope of cross-examination, stating "[c]ross-examination should be limited to the subject matter of the direct examination

1

and matters affecting credibility of the witness." "The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(b). "The subject matter of direct examination and issues of credibility are always open to cross-examination." U.S. v. Arnott, 704 F.2d 322, 324 (1983) (citing U.S. v. Raper, 676 F.2d 841 (D.C. Cir.1982)). The "subject matter" of direct examination has been liberally construed to include "all inferences and implications arising from such testimony." Id. However, permitting cross-examination into collateral matters are subject to a court's discretion. Id.

When exercising its discretion, a court must weigh countervailing concerns. On one hand, a court "must give way to constitutional rights in determining the scope of cross-examination." LAWRENCE A. DUBIN ET AL., MICHIGAN EVIDENCE COURTROOM MANUAL 195 (2016). "Merely by testifying to a specific subject, the accused does not necessarily waive his or her right to assert the privilege against self-incrimination with regard to other relevant matters." Id. On the other hand, "[t]o allow a defendant to testify with impunity on matters he chooses and in a manner he chooses is a 'positive invitation to mutilate the truth a party offers to tell.'" U.S. v. Beechum, 582 F.2d 898, 908 (1978) (quoting Brown v. U.S., 356 U.S. 148, 156 (1958)).

"More importantly, it is well established that a district court may not rule on the validity of a witness' invocation of the fifth amendment [sic] privilege against compulsory self-incrimination until the witness has asserted the privilege in response to a particular question." Id. (citing U.S. v. Stephens, 492 F.2d 1367 (6th Cir. 1974); U.S. v. Harmon, 339 F.2d 354, 359 (6th Cir. 1964)).

2

### III. CONCLUSION

The Court will not rule on the motion, as the limiting instruction requested in Defendant's motion papers is predicated on a Fifth Amendment right. If Defendant testifies, the Court will exercise its discretion to limit cross-examination as to what it considers "collateral matters," if Defendant invokes his Fifth Amendment rights, and only after particular questions are asked by the government.

SO ORDERED.

                                           s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated: 9/6/2018
Detroit, Michigan