UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case Number 17-20328

v.                                          Honorable David M. Lawson

ARNOLD WRIGHT,

        Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Arnold Wright has filed a motion asking the Court to reduce his prison sentence to time served under the compassionate release provision of 18 U.S.C. 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239, based on his desire to care for his minor daughter. He also contends that the conditions of confinement in federal prison raise the risk of contracting COVID-19 for all inmates, but he does not assert that he has any individual medical condition placing him at elevated risk. Because he has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion will be denied.

I.

Wright pleaded guilty to one charge of possessing controlled substances with intent to distribute. On March 8, 2019, he was sentenced to 144 months in prison. On June 25, 2020, the Court granted the government's motion for a sentence reduction under Federal Rule of Criminal Procedure 35 and reduced the sentence to 100 months in prison. He has served approximately 17 months, and he presently resides in the custody of the Bureau of Prisons at FCI Fort Dix, a low security facility in New Jersey that houses more than 2,600 inmates. Public records of the BOP indicate that the defendant is scheduled to be released from prison on July 3, 2026.

On May 15, 2020, Wright filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. That motion was denied without prejudice because it did not indicate that the defendant had made any effort to seek release through administrative channels. On June 29, 2020, shortly after the Court granted the Rule 35 motion, the defendant filed a *pro se* reply in support of his motion for compassionate release, which the Court construed as a renewal of the motion.

In his renewed motion, the defendant asserts that he sent a request for compassionate release to the prison warden via email on June 22, 2020. The government stated in its opposition that it has no record of any action taken on that request. The Court appointed counsel and set deadlines for both sides to complete their briefing on the renewed motion. The government filed its opposition to the motion on August 5, 2020. Counsel for the defendant filed two supplemental briefs arguing that the defendant is vulnerable to complications from COVID-19 because of his age (he is 45 years old) and his race (he is African-American).

The most recent data disclosed by the BOP indicates that there are no active coronavirus cases at the Fort Dix facility among inmates and only one among staff. However, 39 inmates and five staff previously were diagnosed and now have recovered from the disease. No inmates have died during the outbreak. *See* https://www.bop.gov/coronavirus/.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the

inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Wright relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, *first*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *second*, if "extraordinary and compelling reasons warrant such a reduction," and *third*, if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it").

Wright's showing on the second element — extraordinary and compelling reasons — is insufficient, so it is unnecessary to discuss the other two. To establish extraordinary and compelling reasons for the relief he requests, Wright argues that he has a nine-year-old daughter who presently is cared for by her 75-year-old grandmother, and he believes that his assistance is needed to care for the daughter during the pandemic. He does not assert that either the grandmother

or daughter have any particular medical conditions that presently impair the provision of care for the daughter, though the grandmother's age obviously is a recognized risk factor for possible infection with the virus. As for himself, he asserts, as noted earlier, that he is vulnerable to complications from COVID-19 based on his age and race.

The government does not raise any exhaustion defense in its opposition, so there is no procedural obstacle to a ruling on the merits of the motion. However, the defendant has not advanced sufficiently extraordinary or compelling circumstances to warrant a sentence reduction based on any health risk, because he has not pointed to any individual medical condition of his that comprises a recognized serious risk factors for coronavirus infection.

Certainly, the ongoing pandemic comprises an extraordinary threat to all members of society, and especially to those who are incarcerated. *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States of America v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020). "[T]he crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ibid.* (collecting cases; footnotes omitted).

It also is widely recognized and publicly acknowledged that persons over the age of 65 are at increased risk of severe or fatal consequences from the disease. *United States v. Lassister*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk factors include age (over 65);

lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are At Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16).  However, the defendant's age (45) and his daughter's (nine) do not place either of them in a recognized high-risk category.  The defendant's mother's age (75) does place her at increased risk, but the defendant has not suggested either that she has contracted the disease, or that any circumstances of her caring for the child place either of them at especially increased risk, or result in any compromise of her caregiving duties.  Moreover, the defendant has not cited any legal authority holding that the elevated risk of infection for a family member is sufficient standing alone to warrant release of a federal inmate who himself has no recognized elevated medical risk.  The defendant alludes to various circumstances of confinement which, he contends, increase the odds that he may contract the virus, but he has not pointed to any medical factors that place him at increased risk of severe consequences from a possible infection, and he therefore has not made a persuasive case that extraordinary and compelling circumstances warrant a sentence modification based on any present risk to his health.

In a supplemental brief, the defendant argues at some length that his age and race elevate his risk of severe consequences from infection with the coronavirus.  However, he did not identify any other particular medical factors suggesting an increased risk of infection, and, as noted above, the defendant's age is not within the range that has been recognized by public health authorities as triggering significantly increased risk.

Moreover, as other courts have recognized, the fact of an inmate's race itself does not constitute a risk factor for COVID-19 in the same way, as, for instance, an underlying medical condition does.  *See, e.g.*, *United States v. White*, No. 15-20040, 2020 WL 2733891, at \*5 (E.D.

Mich. May 26, 2020); *Carlos M.D. v. Anderson*, No. 20-3908, 2020 WL 2487646, at *8 (D.N.J. May 14, 2020); *United States v. Leigh-James*, No. 15-188, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020).

Wright argues that his risk of contracting COVID-19 is increased because of his living conditions in prison because it is difficult to isolate from others. It is certainly true that prisons increase the likelihood for breakouts. The "low capacity for patient volume, insufficient quarantine space, insufficient on-site medical staff, highly congregational environments, inability of most patients to leave the facility, and limited ability of incarcerated/detained persons to exercise effective disease prevention measures" all contribute to the increased risk. *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Mar. 27, 2020).

However, the possibility that COVID-19 may spread to a particular prison alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). A "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020).

III.

Wright has not demonstrated that compassionate release under 18 U.S.C. 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 68) is **DENIED**.

                                                       s/David M. Lawson
                                                       DAVID M. LAWSON
Dated: August 18, 2020                         United States District Judge