UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff and Respondent,        Case Number 17-20328
                                                                   Civil Case Number 22-12356
v.                                                                          Honorable David M. Lawson

ARNOLD WRIGHT,

        Defendant and Petitioner.
_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE
AND SECOND MOTION FOR COMPASSIONATE RELEASE**

    Defendant Arnold Wright, presently serving a sentence imposed by the Honorable Avern Cohn for drug and firearm crimes, has moved to vacate that sentence on the ground that the sentencing guidelines were miscalculated due to an error determining the drug quantity. He also has filed a second motion for compassionate release alleging the same ground. Wright filed his motion to vacate his sentence after the deadline established by Congress, and he has not identified any proper basis for tolling that statute of limitations. He has not offered extraordinary or compelling reasons for compassionate release. Both motions will be denied.

I.

    On May 16, 2017, Wright was charged in three counts of an indictment with possessing a controlled substance with intent to distribute, 18 U.S.C. § 841(a), possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). He pleaded guilty on October 4, 2018 to Count III of the indictment, which charged possession of a controlled substance, and the remaining counts were dismissed. On March 8, 2019, Judge Cohn sentenced him to 144 months in prison. On April 24, 2020, the government filed a motion to reduce the sentence under Federal Rule of Criminal

Procedure 35(b)(2)(B), based on Wright's substantial assistance in other criminal investigations. The Court granted the motion, and on June 25, 2020, Wright was resentenced to a below-guidelines term of 100 months. Wright did not appeal either the original or amended judgment of sentence.

On May 15, 2020, before he was resentenced, Wright had filed a motion for compassionate release based on his desire to be released from prison to care for his minor daughter, and the health risks posed by the then-ongoing coronavirus pandemic. The Court appointed counsel and allowed the parties to submit supplemental briefing. On August 18, 2020, the Court denied the motion after finding that the defendant had failed to establish that any extraordinary or compelling circumstances justified early release.

Wright filed a second motion for compassionate release on December 1, 2022, and his motion to vacate was filed on December 9, 2022.

II.

Wright filed his motion to vacate his sentence 29 months after the amended judgment of sentence was entered. In that motion, he argues that his trial counsel was ineffective because, during their preparations for the sentence hearing, he noticed that the presentence investigation report (PSIR) mistakenly stated a drug quantity for Count III in excess of 46 grams of crack cocaine, when in fact laboratory tests of the materials had revealed that only 3 grams of crack were contained in the drug parcel that was seized, with the remainder of the weight being packaging material. Wright says, however, that in June 2022, during "an encounter with his case manager" while incarcerated, he first "discovered" that the final PSIR still reflected the erroneous drug quantity. Wright contends that with a correct and lower drug quantity he would have been subject to significantly lower sentencing guidelines, and the higher guidelines were applied because his

trial counsel failed to raise an appropriate objection to the drug quantity calculation during the sentence hearing.

As a general matter, a federal defendant challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). And he "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Aside from these requirements, there are at least two more obstacles that Wright faces, which he cannot surmount. First, a claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). Moreover, when a defendant fails to raise an issue at trial or on direct appeal, that issue generally is forfeited. *See Huff v. United States*, 734 F.3d 600, 605-06 (6th Cir. 2013).

Wright may be able to confront this complication by blaming his lawyer for the failure to bring up this problem at sentencing. That is because a claim that would otherwise be forfeited may be raised through a collateral attack under section 2255 if a defendant "can demonstrate cause and prejudice to excuse his default." *Id.* at 606. "Ineffective assistance of counsel can constitute

cause for a procedural default." *Ibid.* Similarly, a claim that "cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). That avenue, however, actually is a dead end for Wright, because his attorney *did* raise that issue at the first sentencing hearing before Judge Cohn. *See* Sentencing Tr., ECF No. 86, PageID.786 ("MR. BLANK: . . . . [A]lthough the Defendant was originally charged with a mandatory minimum ten years, the crack cocaine turned out to be slightly over three grams of crack cocaine pursuant to the lab reports.").

Wright's second obstacle is more formidable. Under 28 U.S.C. § 2255(f), a defendant must file his motion to vacate his sentence within one year of certain triggering events. Those include "the date on which the judgment of conviction becomes final," and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1), (4). For the first trigger, a conviction becomes "final" after the direct appeals have been exhausted. *Clay v. United States*, 537 U.S. 522, 527 (2003). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final, and the one-year limitations period begins to run, when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

It is undisputed that the petition was filed well beyond the AEDPA one-year limitations period. The amended judgment imposing a reduced sentence was entered on June 25, 2020. The 14-day period for filing an appeal expired on July 9, 2020. The petitioner filed his motion to vacate on December 9, 2022, long after the one-year limitations period had expired.

The second trigger — a kind of discovery rule — is not supported by the record. Wright contends that he "did not discover" the error in the PSIR until his file was reviewed by a prison case manager in June 2022. That position is belied by Wright's admission that he noticed the error in the original PSIR and brought it to his attorney's attention in 2018, before the first sentence hearing. And, as mentioned above, the correct quantity was highlighted by Wright's attorney on the record and in the defendant's presence at the sentence hearing. *See* Sentencing Tr., ECF No. 86, PageID.786. Wright did not act with reasonable diligence by waiting to bring his motion based on facts that admittedly were known to him at the time of sentencing, and which were discussed on the record at the original sentence hearing.

Nor does the concept of equitable tolling help Wright. Although the filing deadline for a motion under section 2255 may be tolled in some circumstances, *see Holland v. Florida*, 560 U.S. 631 (2010), "the petitioner must have establish 'that he has been pursuing his rights diligently.'" *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 560 U.S. at 649 (quotation marks omitted). The petitioner also must point to "some extraordinary circumstance [that] stood in his way and prevented timely filing." *Ibid.* (quoting *Holland*, 560 U.S. at 649). These requirements are not easily satisfied. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citation omitted).

As discussed above, Wright did not pursue his rights diligently and therefore does not satisfy equitable tolling's first component. He suggests in a reply submitted by his appointed counsel that the delay in filing should be excused due to his "limited intellectual capacity," related to his "limited education" and "limited verbal skills, which affected his comprehension." However, the Sixth Circuit has held that even a complete inability to read and write in the English

language, and a claimed lack of understanding of procedural rules, do not qualify as grounds for equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."). Wright does not allege that any difficulty of comprehension prevented him entirely from preparing papers or otherwise engaging the Court during his incarceration, and the record discloses various *pro se* filings that he submitted, including an earlier *pro se* motion to vacate filed on October 4, 2022, which was written in coherent English. *See id.* at 443 ("[T]he petitioner . . . who asserted difficulty with English as an excuse for failing to file his habeas petition in a timely manner, could not prevail on his [equitable tolling] claim because he had written three letters in English and submitted them to the court during the course of the trial, thereby showing that the language barrier was not impeding his access to the courts.").

Because Wright filed his motion to vacate his sentence out of time, it will be denied.

III.

In his motion for compassionate release, Wright seeks a sentence reduction based on the same grounds asserted in his motion to vacate that sentence.

As noted above, Wright was resentenced to a reduced term of 100 months on June 25, 2020. He has served approximately 51 months, and he presently is in the custody of the Bureau of Prisons at FCI Danbury, a low security facility in Danbury, Connecticut which houses around 900 inmates. Public records of the BOP indicate that the defendant is scheduled to be released from prison on July 30, 2025. Wright is 48 years old. On August 18, 2020, the Court denied the

defendant's first motion for compassionate release. On December 1, 2022, the defendant filed his second motion for compassionate release.

Compassionate release is a concept that has come to be recognized as authorized by Congress in 18 U.S.C. § 3582(c)(1)(A). It is an exception to the "rule of finality," which prohibits district courts from modifying a sentence "except in limited circumstances." *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021). There are three requirements that must be satisfied, the first of which is that "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The court of appeals has observed that the determination of what constitutes "extraordinary and compelling circumstances," which previously was regarded as a "highly discretionary decision of the district court, as broadly suggested by the Supreme Court in *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389 (2022), has been severely and categorically cabined." *United States v. West*, 70 F.4th 341, 347 n.1 (6th Cir. 2023) (citing *United States v. McCall*, 56 F.4th 1048, 1074-76 (6th Cir. 2022) (Gibbons, J., dissenting)). That has led the court to observe that it "has predominantly defined what can constitute 'extraordinary and compelling' reasons for release by defining what circumstances cannot be 'extraordinary and compelling.'" *United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023) (citing *Hunter*, 12 F.4th at 570 (6th Cir. 2021). In accord with that trend, the Sixth Circuit broadly has recognized that typical circumstances attending incarceration, and personal factors routinely considered at sentencing, cannot supply "extraordinary and compelling" grounds for compassionate release. Such factors which may not be considered include (1) the defendant's culpability and role in a criminal scheme, (2) sentencing disparities between the movant and his co-defendants, (2) the proportion of a custodial term already served, (3) the defendant's successful efforts at rehabilitation while confined, and (4)

nonretroactive Sentencing Guideline amendments. *United States v. Jones*, No. 22-1722, 2023 WL 5237413, at *5 (6th Cir. Aug. 15, 2023).

Most relevant here, the Sixth Circuit holds that "compassionate release cannot 'provide an end run around habeas.'" *West*, 70 F.4th at 346 (quoting *McCall*, 56 F.4th at 1058). "Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures." *Ibid.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973)). Following that reasoning, the Sixth Circuit has held that "sentencing errors cannot provide an 'extraordinary and compelling' reason for compassionate release." *Id.* at 347-48 (collecting cases).

Consequently, Wright's argument that extraordinary and compelling reasons are established by the supposed error in the drug quantity calculation specified in the PSIR that contributed to a mistaken guideline calculation is a non-starter. Even if Wright could demonstrate some error in the calculation of his guidelines, such errors are not properly considered when weighing whether extraordinary and compelling circumstances exist for early release.

Moreover, it now is settled in this circuit that district courts may not rely on facts that existed at the time of sentencing when determining whether extraordinary and compelling grounds for release presently are shown. *United States v. Edmond*, No. 22-1443, 2023 WL 3736880, at *2 (6th Cir. May 31, 2023) ("[P]utting aside the truth of Edmond's contentions that his role in the offense was minor and his criminal history was insignificant, such facts — along with his 'work history' and 'strong family support' — already existed at the time of sentencing and thus cannot be considered extraordinary and compelling reasons to reduce his sentence.") (citing *Hunter*, 12 F.4th at 562; *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021)). Wright's argument that his drug quantity was miscalculated is premised on facts that undisputedly were known to him, his

counsel, and the Court at both the time of the original sentencing and the resentencing in 2020. He cannot establish extraordinary and compelling circumstances based on that purported error.

Wright also contends that the circumstances of the pandemic and related operating conditions have made his incarceration "unusually harsh." However, he has not demonstrated that he faces any extraordinary medical risk that could justify early release.

The Court previously determined that the defendant had not demonstrated that he faces any extraordinary risk of complications from COVID-19 because his medical history does not suggest that he has any recognized serious risk factors. He has presented no basis to question that conclusion based on any new information.

In addition, as of this month, the currently available statistics published by the BOP indicate that there presently is only one active case of COVID-19 among inmates and staff at Danbury. *See* BOP COVID-19 Statistics, https://tinyurl.com/3xvuv9m7 (last accessed April 2, 2024). The risk to the defendant essentially is nonexistent in his present circumstances of confinement, so far as the available information demonstrates.

As the Sixth Circuit has held, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022)); *accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023) ("As to Orta's health-related arguments, we declined to find an 'extraordinary and compelling reason' for a sentence reduction in *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021), which concerned an inmate with hypothyroidism. We noted that hypothyroidism was not on the Centers for Disease Control's list of risk factors for COVID-19, and that the inmate had access to vaccination, which

significantly reduces both the likelihood of contracting COVID-19 and the associated risks should one contract the virus. . . . And [an inmate's] access to the vaccine substantially undermines his request for a sentence reduction." (quoting 15 F.4th at 750-51) (cleaned up)). Wright does not contend that he lacks access to the vaccine or is unable to be vaccinated. He has not established good grounds to depart from the recent controlling decisions which have rejected COVID risk as a ground for early release in the post-pandemic climate.

Finally, none of the amendments to U.S.S.G. § 1B1.13 enacted by the United States Sentencing Commission, which took effect on November 1, 2023, help Wright. Section 1B1.13(b)(6), which provides for relief where the movant "received an unusually long sentence and has served at least 10 years of the term of imprisonment," allows the Court to consider, when assessing whether extraordinary and compelling circumstances exist, any "change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)," but "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Wright does not meet either of the threshold criteria for seeking subsection (b)(6) relief, since he presently has served only 51 months of his sentence, far short of the 120-month threshold, and he has not shown that there has been any change in the decisional law that influenced his sentence.

Second, subsection 1B1.13(d) of the revised guidelines merely endorses the view, recognized in the caselaw cited above, that as a general matter the defendant's rehabilitation is not a fact that can establish extraordinary and compelling circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); 28 U.S.C. 994(t)) (holding that rehabilitation and an inmate

serving most of his sentence without incident are not extraordinary and compelling). This subsection offers no relief for Wright.

Subsection 1B1.13(b)(5) is a catch-all provision allowing for relief based on "other reasons," defined as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This provision permits the consideration of other circumstances not explicitly enumerated in subsections (b)(1) through (4). However, for the reasons discussed above, the circumstances Wright advances are legally insufficient to establish extraordinary and compelling circumstances under the prevailing case law in this circuit. Moreover, because Wright's circumstances fall short of the criteria for those enumerated situations that could apply, it stands to reason that he has not demonstrated that his situation is "equal in gravity" to any of the enumerated circumstances.

Wright has not established a basis to grant him compassionate relief.

IV.

Defendant Arnold Wright did not file his motion to vacate his sentence within the time limits established by Congress. He is not a candidate for compassionate release because he has not shown that extraordinary and compelling reasons justify that relief.

Accordingly, it is **ORDERED** that the defendant's motion for to vacate his sentence (ECF No. 95) and his second motion for compassionate release (ECF No. 92) are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 2, 2024